IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF MICHIGAN

MICHAEL POWELL, and
FRED WURTZEL,
individually and on behalf of those
similarly situated,

and,

THE NATIONAL FEDERATION OF THE
BLIND OF MICHIGAN,

    *Plaintiffs*,

  v.

JOCELYN BENSON,
MICHIGAN SECRETARY OF STATE,
in her official capacity, and

JONATHAN BRATER,
MICHIGAN DIRECTOR OF ELECTIONS,
in his official capacity,

    *Defendants*.

                                            /

Case No. 20-11023

Hon. Gershwin Drain
Mag. Judge Michael J. Hluchaniuk

## **PLAINTIFFS' MOTION TO COMPEL A COMPLETE PRIVILEGE LOG**

NOW COMES Plaintiffs, by and through counsel, and hereby move this Honorable Court for an order compelling Defendants to provide an acceptable privilege log. The privilege log Defendants produced on August 26, 2020 is patently deficient. Accordingly, Plaintiffs asks this Honorable Court to issue an order compelling Defendants to provide a more complete privilege log.

Plaintiffs rely on the attached brief. Pursuant to Local Rule 7.1 and 37.1, counsel for Plaintiffs met and conferred by telephone with counsel for Defendants

in an attempt to resolve this issue without Court involvement, but the attorneys were unable to reach a compromise. *See* Exhibit 1, Meet and Confer Follow Up Email Chain.

|  |  |
|---|---|
|  | Respectfully submitted, |
| /s/ Eve Hill | /s/ Jason M. Turkish |
| Eve Hill (MD Federal Bar# 19938) | Jason M. Turkish (P76310) |
| BROWN, GOLDSTEIN & LEVY LLP | Ryan T. Kaiser (P79491) |
| 120 E. Baltimore St., Ste. 1700 | Melissa M. Nyman (CA Bar # 293207) |
| Baltimore, MD 21202 | NYMAN TURKISH PC |
| Phone: 410-962-1030 | 20750 Civic Center Dr., Ste. 290 |
| Fax: 410-385-0869 | Southfield, MI 48076 |
| ehill@browngold.com | Phone: 248-284-2480 |
|  | Fax: 248-262-5024 |
| *Counsel for Plaintiff The* | Jason.Turkish@NymanTurkish.com |
| *National Federation of the* | Ryan.Kaiser@NymanTurkish.com |
| *Blind of Michigan* | Melissa.Nyman@NymanTurkish.com |
|  | David Mittleman (P37490) |
|  | GREWAL LAW, PLLC |
|  | 2290 Science Parkway |
|  | Okemos, MI 48864 |
|  | Phone: 517-393-3000 |
|  | Fax: 517-393-3003 |
|  | dmittleman@4grewal.com |
| Dated: August 26, 2020 | *Counsel for Plaintiffs Powell and Wurtzel* |

## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF MICHIGAN

MICHAEL POWELL, and
FRED WURTZEL,
individually and on behalf of those
similarly situated,

and,

THE NATIONAL FEDERATION OF THE
BLIND OF MICHIGAN,

       Plaintiffs,

  v.

JOCELYN BENSON,
MICHIGAN SECRETARY OF STATE,
in her official capacity, and

JONATHAN BRATER,
MICHIGAN DIRECTOR OF ELECTIONS,
in his official capacity,

       Defendants.
_____/

Case No. 20-11023

Hon. Gershwin Drain
Mag. Judge Michael J. Hluchaniuk

# **PLAINTIFFS' BRIEF IN SUPPORT OF THER MOTION TO COMPEL A COMPLETE PRIVILEGE LOG**

## **QUESTION PRESENTED**

I. Whether the Court should compel Defendants to provide a more complete privilege log where the privilege log they have produced fails to identify required information?

## MOST CONTROLLING AUTHORITY

The most controlling authority for the relief sought includes: Fed. R. Civ. P. 26.

## INTRODUCTION

At long last, on August 26, 2020, Defendants produced their promised privilege log. *See* Exhibit 2, Privilege Log. Unfortunately, the privilege log is defective on its face; devoid of the basic details necessary to "assess the claim." Fed. R. Civ. P. 26(b)(5)(A)(ii). Specifically, numerous entries fail to identify the author of the document on which privilege is claimed, preventing Plaintiffs from assessing the underlying claim of privilege.[1] Additionally, the descriptions of the privileged documents contain at most a handful of words beyond those used to assert the privilege, and certainly falls short of the requirements for detailed descriptions as mandated in Fed. R. Civ. P. 26(b)(5)(A)(ii). More troubling, numerous entries list only Defendant "Jonathan Brater" as the recipient or author of emails or documents and assert attorney-client privilege, without identifying the other party involved. *E.g.* Exhibit 2, Entries 4 &10. Without any other attorney listed on these specific line items, there is no other reasonable conclusion than to assume Defendants are asserting attorney-client privilege based on Defendant Brater's status as an "attorney."

---

[1] Plaintiffs anticipate that this may be only the first in a series of discovery motions to address Defendants' untimely and defective document productions. Eventually, the parties will need to assess the merits of Defendants' privilege claims. However, before the merits can be assessed, Plaintiffs must be provided with an acceptable privilege log.

This is problematic because: (1) Defendant Brater is not a licensed attorney in the State of Michigan and he is not counsel for Defendants. He has no basis to claim that his communications are privileged based on his status as an attorney licensed in a different jurisdiction. If Defendant Brater is truly claiming attorney-client privilege based on his status as an attorney licensed in a different state, then he is presently engaged in the unlicensed practice of law in this State of Michigan where he is not counsel of record in this case and does not appear to be a member of the Michigan Bar, as a query for the last name "Brater" returns no results in the online member directory. (2) However, in responding to Plaintiffs' Motion for Civil Contempt, Defendants were adamant that Defendant Brater is "not an attorney representing a party," and therefore it was appropriate for him to engage in a conversation with the individual Plaintiffs outside the presence of counsel. Doc. # 61, pg. 24.

Defendants cannot have it both ways. When Defendant Brater wants to communicate with represented parties, he is not an attorney and he is not subject to the rules of professional conduct. When information he possesses is apparently problematic for Defendants' case, Defendant Brater is suddenly an attorney whose communications are subject to the attorney-client privilege.

2

# ARGUMENT

## I. DEFENDANTS HAVE NOT PRODUCED A VALID PRIVILEGE LOG.

Fed. R. Civ. P. 26 (b)(5)(A)(ii) requires, at the very least, that the party asserting privilege describe the document being withheld in a manner sufficient to allow the opposing party to assess the claim of privilege. Here, several of Defendants' entries list only Defendant Brater as the author or recipient. The fact that Defendant Brater is not a licensed attorney in the State of Michigan is fatal to any claim of privilege related to these documents. Alternatively, if there is a reasonable basis for an assertion of attorney-client privilege, Defendants must be compelled to provide a more descriptive privilege log, so that the claims can be assessed. As of now, Plaintiffs' assessment is that these entries provide no basis for a claim of attorney-client privilege because no attorney of record has been identified as being involved in these conversations. Therefore, before Plaintiffs can even begin assessing the merits of the privilege claims, they must be provided with additional information.

## II. THE COURT HAS ALREADY ADDRESSED ARGUMENTS RELATED TO DELIBERATIVE PROCESS PRIVILEGE.

As Plaintiffs have already noted that during the May 14, 2020 hearing, the Court rejected arguments by Defendants regarding deliberative process privilege. Doc. # 45, May 14 Hearing Transcript, pg. 21-22. Rather, Defendants were

directed to seek a protective order regarding such materials. Plaintiffs respectfully ask the Court to compel Defendants to produce documents that have been cited as subject to the deliberative process privilege, or to work cooperatively with Plaintiffs to enter an appropriate, limited protective order.

## CONCLUSION

For all these reasons, Plaintiffs respectfully request that the Honorable Court order Defendants to produce a more detailed privilege log that will allow Plaintiffs to assess the claims, calculate what additional motion practice may be necessary, prepare for upcoming depositions, and act on a schedule necessary to ensure equal participation for the blind in the upcoming presidential election.

Respectfully submitted,

/s/ Eve Hill
Eve Hill (MD Federal Bar# 19938)
BROWN, GOLDSTEIN & LEVY LLP
120 E. Baltimore St., Ste. 1700
Baltimore, MD 21202
Phone: 410-962-1030
Fax: 410-385-0869
ehill@browngold.com

*Counsel for Plaintiff The National Federation of the Blind of Michigan*

/s/ Jason M. Turkish
Jason M. Turkish (P76310)
Ryan T. Kaiser (P79491)
Melissa M. Nyman (CA Bar # 293207)
NYMAN TURKISH PC
20750 Civic Center Dr., Ste. 290
Southfield, MI 48076
Phone: 248-284-2480
Fax: 248-262-5024
Jason.Turkish@NymanTurkish.com
Ryan.Kaiser@NymanTurkish.com
Melissa.Nyman@NymanTurkish.com

David Mittleman (P37490)
GREWAL LAW, PLLC
2290 Science Parkway
Okemos, MI 48864
Phone: 517-393-3000
Fax: 517-393-3003
dmittleman@4grewal.com

4

Dated: August 26, 2020                                          *Counsel for Plaintiffs Powell and Wurtzel*

5

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 26, 2020 I filed the foregoing document using the Court's CM/ECF filing system, which will automatically generate notice of such filing to all counsel of record.

/s/ Jason M. Turkish
Jason M. Turkish (P76310)
