UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

M<small>ICHAEL</small> P<small>OWELL</small>, <small>ET AL</small>.,

    Plaintiffs,

    v.

J<small>OCELYN</small> B<small>ENSON</small>, <small>ET AL</small>.,

    Defendants.
_____/

Case No. 20-cv-11023

U.S. D<small>ISTRICT</small> C<small>OURT</small> J<small>UDGE</small>
G<small>ERSHWIN</small> A. D<small>RAIN</small>

**OPINION AND ORDER GRANTING PROPOSED PLAINTIFF-INTERVENOR MARYANN MURAD'S MOTION TO INTERVENE [#70]**

**I. I<small>NTRODUCTION</small>**

On April 24, 2020, Plaintiffs Michael Powell and Fred Wurtzel filed suit against Jocelyn Benson, the Michigan Secretary of State, and Jonathan Brater, the Michigan Director of Elections. *See* ECF No. 1. In Plaintiffs' First Amended Complaint, they added Plaintiff National Federation of the Blind of Michigan and alleged that Plaintiffs were denied the ability to privately and independently vote by absentee ballot in violation of the Americans with Disabilities Act ("ADA") and the Michigan Persons with Disabilities Civil Rights Act ("PDCRA"). *See* ECF No. 13, PageID.117.

After preliminary litigation related to Plaintiffs' temporary restraining order motion, the parties entered into a Consent Decree on May 19, 2020 that set forth

1

voting procedures for visually impaired individuals for the upcoming Michigan elections in August and November.  *See* ECF No. 31.

Presently before the Court is a Motion to Intervene by Proposed Plaintiff-Intervenor Maryann Murad.  ECF No. 70.  The matter is fully briefed.  *See* ECF Nos. 78, 80.  Upon review of the parties' submissions, the Court concludes that oral argument will not aid in the disposition of this matter.  Therefore, the Court will resolve the instant motion on the briefs.  *See* E.D. Mich. L.R. § 7.1(f)(2).  For the reasons that follow, the Court will **GRANT** the Motion to Intervene by Proposed Plaintiff-Intervenor Maryann Murad [#70].

## II. BACKGROUND

On May 19, 2020, the parties entered into a Consent Decree wherein Defendants agreed to acquire a remote accessible vote-by-mail system ("RAVBM") and implement the technology for use in the August 2020 and November 2020 elections.  ECF No. 31, PageID.341.  The Consent Decree also provided that, if unforeseen circumstances occurred preventing implementation of the RAVBM system for the August 2020 election, Defendants were required to "inform plaintiffs immediately and no later than June 29."  *Id.*  If said unforeseen circumstances occurred, Defendants were further required to implement an expansion of the Uniformed and Overseas Citizens Absentee Voting Act ("UOCAVA") voting system for use by people with print disabilities.  *Id.*

On June 29, 2020, Plaintiffs filed a Motion to Enforce Consent Decree and for Civil Contempt, alleging, among other things, that Defendants did not act in good faith to implement the RAVBM system for the August 2020 election. *See* ECF No. 33. The parties continue to engage in discovery on this matter. On July 15, 2020, Plaintiffs filed a motion for a status conference after learning that blind individuals had encountered difficulty completing the accessible absentee ballot application using Apple VoiceOver screen reader technology. ECF No. 56, PageID.1002.

Proposed Plaintiff-Intervenor Maryann Murad is a blind registered voter in the state of Michigan who relies on Apple VoiceOver technology "to review and complete documents electronically." ECF No. 70, PageID.1374. On July 11, 2020, Murad downloaded an application for an accessible absentee ballot from the Michigan Secretary of State website. *Id.* However, as discussed during the July 21, 2020 status conference, the accessible absentee ballot application was not compatible with Apple VoiceOver at the time Murad downloaded it. *Id.* Defendants addressed the deficiency by making the application accessible via HTML on July 29, 2020. *Id.*

Due to the delay in the application's accessibility, as well as the state's advisement that voters "should not risk mailing in their ballots because of mail delays," Murad states that she was forced to complete a standard absentee ballot. *Id.*

at PageID.1375-1376. This required the assistance of a family member, precluding her ability to vote privately or independently. *Id.*

### IV. LAW AND ANALYSIS

Proposed Plaintiff Maryann Murad seeks to intervene as a matter of right pursuant to Federal Rule of Civil Procedure 24(a), or, in the alternative, to intervene by permission pursuant to Federal Rule of Civil Procedure 24(b). Rule 24(a)(2) states in relevant part:

> On timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2). A movant must satisfy four elements before intervention as of right will be granted: "(1) timeliness of the application to intervene, (2) the applicant's substantial legal interest in the case, (3) the impairment of the applicant's ability to protect that interest in the absence of intervention, and (4) inadequate representation of that interest by parties already before the court." *Michigan State v. Miller*, 103 F.3d 1240, 1245 (6th Cir. 1997).

In the alternative, Murad argues she may permissively intervene under Rule 24(b)(1). Rule 24(b)(1) states:

> On a timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact.

4

Fed. R. Civ. P. 24(b)(1)(B). "To intervene permissively, a proposed intervenor must establish that the motion for intervention is timely and alleges at least one common question of law or fact." *United States v. Michigan*, 424 F.3d 438, 445 (6th Cir. 2005). "Once these two requirements are established, the district court must then balance undue delay and prejudice to the original parties, if any, and any other relevant factors to determine whether, in the court's discretion intervention should be allowed." *Id.*

The Court will address each of Murad's arguments to intervene in turn.

**A. Intervention by Right**

To intervene in this action as of right, Murad must meet the requirements set out by Rule 24(a)(1). The Sixth Circuit has determined that intervention as a matter of right is proper when proposed intervenors demonstrate that the following four criteria have been met:

> (1) that the motion to intervene was timely; (2) that they have a substantial legal interest in the subject matter of the case; (3) that their ability to protect that interest may be impaired in the absence of intervention; and (4) that the parties already before the court may not adequately represent their interest.

*Grutter v. Bollinger*, 188 F.3d 394, 398 (6th Cir. 1999) (internal citation omitted). "The proposed intervenor must prove each of the four factors; failure to meet one of the criteria will require that the motion to intervene be denied." *United States v.*

*Michigan*, 424 F.3d 438 (6th Cir. 2005) (quoting *Grubbs v. Norris*, 870 F.2d 343, 345 (6th Cir. 1989)).

Murad asserts in her Motion that she can establish each of the four factors for intervention as a matter of right. ECF No. 70, PageID.1376. The Court will analyze the required criteria under Rule 24(a) below.

### 1. Timeliness

Murad asserts that her Motion is timely because she filed within weeks of her purported injury, which arose out of Defendants' alleged failure to comply with the terms of the Consent Decree. ECF No. 70, PageID.1379. Defendants contest the timeliness of the Motion, arguing that Murad should not be able to intervene and state a new claim in a closed case undergoing contempt proceedings. ECF No. 78, PageID.1485.

The determination of whether a motion to intervene is timely should be evaluated in the context of all relevant circumstances. *See Bradley v. Milliken*, 828 F.2d 1186, 1191 (6th Cir. 1987). Timeliness is a matter within the sound discretion of the district court. *NAACP v. New York*, 413 U.S. 345, 365 (1973); *Stotts v. Memphis Fire Dep't*, 679 F.2d 579, 582 (6th Cir. 1982). The Sixth Circuit has held that the following factors should be considered:

> (1) the point to which the suit has progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenors knew or should have known of their interest in the case; (4) the prejudice to the

original parties due to the proposed intervenors' failure to promptly intervene after they knew or reasonably should have known of their interest in the case; and (5) the existence of unusual circumstances militating against or in favor of intervention.

*Jansen v. City of Cincinnati*, 904 F.2d 336, 340 (6th Cir. 1990). "If the litigation has 'made extensive progress in the district court before the appellants moved to intervene' then this factor weighs against intervention." *U.S. v. Tennessee*, 260 F.3d 587, 592 (6th Cir. 2001) (citing *NAACP*, 413 U.S. at 366).

Here, the factors weigh in favor of finding Murad's proposed intervention timely. First, the Court must look at the point to which the lawsuit has progressed. *Jansen*, 904 F.2d at 340. Murad asserts that "it has been less than four months since the Complaint [] was filed" and discovery has only recently started for the contempt matter. ECF No. 70, PageID.1379. However, Defendants note that the Consent Decree was a final order that closed this case, so the limited subject matter of the current proceedings do not support third-party intervention at this time. ECF No. 78, PageID.1486.

While intervention is sought more frequently in open cases, Murad points to Sixth Circuit case law holding that "courts often permit intervention even after final judgment . . . to participate in future remedial proceedings[.]" *United States v. City of Detroit*, 712 F.3d 925, 932 (6th Cir. 2013). Defendants recognize that *City of Detroit* bears relevance to the instant case, acknowledging that "Plaintiffs' motion to enforce the consent decree and for contempt would constitute a post-judgment

remedial proceeding in which Murad could seek to intervene." ECF No. 78, PageID.1485-1486. The Court agrees with Defendants' conclusion and finds that Murad's intervention is timely, despite the fact that the Consent Decree formally closed the case in May.

The remaining factors also indicate that Murad's motion is timely. As to her purpose under the second prong, Murad seeks to intervene to assert her rights under the ADA after Defendants' purported failure to comply with the Consent Decree resulted in the unavailability of the RAVBM system. Without the RAVBM system, the absentee ballot application for the August election was partially inaccessible and Murad was unable to vote independently using her default screen reader technology, Apple VoiceOver. Given these facts, Murad has demonstrated a sufficient "purpose for which intervention is sought[.]" *Jansen*, 904 F.2d at 340.

Under the third timeliness factor, the Court looks at "the length of time preceding the [movant's] motion to intervene, during which they knew, or should have known, of their interest in the case." *Stupak-Thrall v. Glickman*, 226 F.3d 467, 475 (6th Cir. 2000). An intervenor whose "interests may be impaired by the outcome of the litigation is obligated to seek intervention as soon as it is reasonably apparent that [she] is entitled to intervene." *U.S. v. Tennessee*, 260 F.3d 587, 594 (6th Cir. 2001) (internal citations omitted).

As discussed above, Murad's injury did not occur until the August 2020 election as a result of the issues surrounding the Consent Decree and RAVBM implementation. She filed the instant motion within two weeks of the election; it is clear that she sought "intervention as soon as it [was] reasonably apparent" that she could intervene. *Tennessee*, 260 F.3d at 594. While Defendants argue that Murad had at least a month to file the motion, and that "this was undue delay," other courts in this district have found that delays longer than a month have still satisfied this timeliness factor. *See United States v. Marsten Apartments, Inc.*, 175 F.R.D. 265, 268 (E.D. Mich. 1997) (finding that a two month delay "was not a significant length of time between the period the proposed intervenors knew of their claims and the time they filed their motion to intervene."). Thus, the third factor weighs in favor of timeliness as well.

Fourth, the Court looks to the prejudice caused by the proposed intervenor's failure to promptly intervene after they knew or reasonably should have known of their interest in the case. *Jansen*, 904 F.2d at 340. The proper focus of this factor is "the prejudice caused by the *untimeliness*, not the intervention itself." *City of Detroit*, 712 F.3d at 933 (emphasis in original) (internal citation omitted). The Court finds that the parties will not be substantially prejudiced by Murad's intervention in the instant action, as both her injury and her filing occurred only a few weeks after the August election. Defendants argue that they will be prejudiced because they

9

have already exchanged written discovery and noticed depositions for the contempt proceedings. ECF No. 78, PageID.1487. But even if "some additional discovery may need to be taken, this alone is insufficient to establish prejudice." *Marsten Apartments, Inc.*, 175 F.R.D. at 268. Accordingly, the Court finds that Defendants will not be unduly prejudiced by allowing intervention under this factor.

As to the fifth and final factor, the Court may address any unusual circumstances that weigh in favor of or against granting a motion to intervene. *Jansen*, 904 F.2d at 340. Here, there are no unusual circumstances that factor into the Court's decision. Therefore, after considering the context of all relevant circumstances, the Court finds that each of the factors weighs in favor of finding Murad's proposed intervention timely.

### 2. Substantial Legal Interest

The Sixth Circuit has "opted for a rather expansive notion of the interest sufficient to invoke intervention of right." *Miller*, 103 F.3d at 1245*; see also Bradley v. Milliken*, 828 F.2d 1186, 1192 (6th Cir. 1987) ("[T]his court has acknowledged that 'interest' is to be construed liberally."). Furthermore, an intervenor need not have the same standing necessary to initiate a lawsuit. *Id.* "The inquiry into the substantiality of the claimed interest is necessarily fact-specific." *Id.* Generally, "the rules governing intervention are 'construed broadly in favor of the applicants.'" *Id.* at 1246 (quoting *Idaho Farm Bureau Fed'n v. Babbitt*, 58 F.3d 1392, 1397 (9th

Cir. 1995)). However, at the very least, the interest "must be significantly protectable." *Grubbs v. Norris*, 870 F.2d 343, 346 (6th Cir. 1989) (citing *Donaldson v. United States*, 400 U.S. 517, 531 (1971)).

Here, the Court agrees with Murad's assertion that she has "a substantial legal interest in protecting her right to vote privately and independently, in the same manner as non-disabled voters." ECF No. 70, PageID.1380. Defendants do not dispute this statement, but instead question whether her interest is substantial in specific relation to the contempt proceedings, as opposed to her interest at the outset of the case. ECF No. 78, PageID.1488. However, Murad's interest in this litigation arose from the Defendants' purported failure to comply with the Consent Decree, which is the subject of the contempt proceedings. Especially given the broad interpretation of this prong by various circuit courts, it is evident that Murad has established her substantial legal interest in this matter.

### 3. Impairment of Interest

To meet the third factor of the intervention analysis, "a would-be intervenor must show only that impairment of [her] substantial legal interest is possible if intervention is denied." *Miller*, 103 F.3d at 1247. "This burden is minimal." *Id.*

The parties disagree as to whether Murad's substantial legal interest will be impaired if her intervention motion is denied. Defendants aver that "her interests are protected by the Consent Decree itself and any order the Court issues on the

motion to enforce and for contempt." ECF No. 78, PageID.1488. In contrast, Murad emphasizes that her legal interests may be impacted because (1) an adverse ruling in this matter could affect her ability to enforce her rights in a separate case and (2) she seeks relief from past injury, unlike the prospective injunctive relief sought by Plaintiffs. ECF No. 70, PageID.1381. The Sixth Circuit has acknowledged "that potential *stare decisis* effects can be a sufficient basis for finding an impairment of an interest," as Murad claims here. *Miller*, 103 F.3d 1240, 1247 (6th Cir. 1997) (citing *Linton v. Commissioner of Health & Env't*, 973 F.2d 1311, 1319 (6th Cir.1992) (italicization added)). Accordingly, the Court finds that Murad has shown an impairment of her substantial legal interests is plausible, therefore meeting her burden to satisfy the third factor.

### 4. Inadequate Representation

"Although a would-be intervenor is said to shoulder the burden with respect to establishing that its interest is not adequately protected by the existing parties to the action, this burden 'is minimal because it is sufficient that the movant[ ] prove that representation may be inadequate.'" *Miller*, 103 F.3d at 1247 (quoting *Linton* 973 F.2d at 1319). "One is not required to show that the representation will in fact be inadequate." *Id.* In *Miller*, the Sixth Circuit found that "it may be enough to show that the existing party who purports to seek the same outcome will not make all of the prospective intervenor's arguments." *Id.*

Here, Murad has met her minimal burden to demonstrate the current Plaintiffs' representation may be inadequate to protect her interests. Defendants correctly note that Plaintiffs and Murad both seek to ensure enforcement of the terms of the Consent Decree. ECF No. 78, PageID.1489. However, the potential for Murad's inadequate representation rests with the relief sought by each party; while Plaintiffs seek prospective injunctive relief, Murad seeks monetary damages for prior injury. As a result, it is anticipated that Murad's arguments will diverge from those by the existing parties, as Plaintiffs are not seeking traditional redress from a previous harm. Accordingly, Murad has made a sufficient showing as to the fourth and final intervention factor.

Therefore, under the circumstances of this case, the Court concludes that Murad has satisfied the four elements required under Rule 24(a) and is entitled to intervention as of right in this matter.

### B. Permissive Intervention

The decision to grant permissive intervention rests with the discretion of the Court. *American Special Risk Ins. Co. ex rel. South Macomb Disposal Authority v. City of Centerline*, 69 F. Supp. 2d 944, 955 (E.D. Mich. 1999). "In exercising its discretion, the court shall consider whether intervention will unduly delay or prejudice the adjudication of the rights of the original parties." Fed. R. Civ. P.

24(b)(3). In order to intervene permissively, the proposed intervenor must establish at least one common question of law or fact. *Michigan*, 424 F.3d at 445.

As discussed *supra*, Murad has demonstrated that she has an interest in the current litigation. Whether Defendants failed to abide by the terms of the Consent Decree, subsequently causing injury to individuals with print disabilities like Murad, presents a question of law common to the action. The Court finds that even if Murad could not intervene as of right, she may be permitted to intervene under Rule 24(b)(3).

## IV. CONCLUSION

For the reasons discussed herein, the Court will **GRANT** the Motion to Intervene by Proposed Plaintiff-Intervenor Maryann Murad [#70]. Plaintiff-Intervenor Murad must file her Complaint **by September 7, 2020**. Defendants must respond to the Complaint **by September 17, 2020**.

**IT IS SO ORDERED.**

                                                 s/Gershwin A. Drain_____
                                                 GERSHWIN A. DRAIN
                                                 UNITED STATES DISTRICT JUDGE

Dated: September 2, 2020

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
September 2, 2020, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager